IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-HC-2049-FL

| | |
|---|---|
| LARRY DEFFENBAUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN SULLIVAN, WARDEN ) | |
| MANSUKHANI, and UNITED ) | |
| STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |

Petitioner, a federal prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

## BACKGROUND

A jury in the United States District Court for the Eastern District of Virginia found petitioner guilty of conspiring to cause a false distress call to be communicated to the United States Coast Guard, in violation of 18 U.S.C. § 371, and causing a false distress call to be sent to the United States Coast Guard, in violation of 14 U.S.C. § 88(c). United States v. Deffenbaugh, 709 F.3d 266, 268 (4th Cir. 2013). The trial court sentenced petitioner to 84 months imprisonment. Id. The Fourth Circuit affirmed the district court's judgment. Id. at 276. Petitioner's release date is January 24, 2020. See BOP Inmate Locator, http://www.bop.gov/inmateloc/ (search by inmate number) (last visited April 22, 2019)

In February 2019, petitioner initiated this action by filing a motion for injunctive relief (DE 1). The court directed petitioner to file his claim on the forms prescribed for use by this court, and petitioner did so (DE 3, 4). In his motion and petition, petitioner seeks his immediate release under the Federal Bureau of Prison's ("BOP") Elderly Home Detention Program, citing the First Step Act of 2018, P.L. 115-391, and 34 U.S.C. § 60541. (See Mot. (DE 1) 1-2; Pet. (DE 4) 3).

**DISCUSSION**

The First Step Act modifies 34 U.S.C. § 60541 to provide:

> (A) The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from a Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.
>
> (B) In carrying out a pilot program as described in subparagraph (A), the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from the Bureau of Prisons facilities to home detention upon written request from either the Bureau of Prisons or an eligible elderly offender or terminally ill offender.

Pub. L. No. 115-391, § 603. The First Step Act further modifies 34 U.S.C. § 60541 to state: "the term eligible elderly offender means an offender in the custody of the Bureau of Prisons - (I) who is not less than 60 years of age; (ii) who is serving a term of imprisonment that is not life imprisonment . . . and has served the greater of 10 years or 2/3 of the term of imprisonment to which the offender was sentenced . . ." Id.

Pursuant to these amendments, discretion to release a prisoner to home confinement lies solely with the Attorney General. 34 U.S.C. § 60541. Accordingly, this court lacks authority to order petitioner's release. See, e.g., Xiao v. La Tuna Fed. Corr. Inst., No. EP-19-CV-97-KC, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019) (dismissing § 2241 petition relying on § 60541);

2

United States v. Curry, No. CR 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original)); Burg v. Nicklin, No. EP-19-CV-24-FM, 2019 WL 369153, at *3 (W.D. Tex. Jan. 29, 2019) (discussing § 60541 and concluding that prisoners have no constitutional or statutory right to be placed in home confinement, and the BOP has the discretion to determine whether to assign a prisoner to home confinement).

Petitioner's filings could also be liberally construed as a request for compassionate release. Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, allows a federal prisoner to file a motion for compassionate release after exhausting all administrative appeals of a refusal by the BOP to bring such a motion on the prisoner's behalf. See First Step Act of 2018, P.L. 115-391, § 603(b)(1); see also United States v. Bell, No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019); United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *1 (W.D.N.C. Apr. 3, 2019).

Here, it is not clear whether the BOP has refused to file a motion for compassionate release on petitioner's behalf, and, if so, whether petitioner exhausted his administrative appeals. Even assuming petitioner fully exhausted the claim, the "BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable." Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011) (collecting cases); see DeLuca v. Lariva, 586 F. App'x 239, 240 (7th Cir. 2014); Cruz-Pagan v. Warden. FCC Coleman-Low, 486 F. App'x 77, 79 (11th Cir. 2012); Meyer v. U.S. Bureau of Prisons, No. 3:17-cv-434-MOC, 2017 WL 3725613, at *5 (W.D.N.C. Aug. 29, 2017). If petitioner now seeks to file his own motion for compassionate release, such a motion

3

must be filed in the sentencing court. See 18 U.S.C. § 3582(c)(1)(A); see also Ray v. Unnamed Respondent, No. 5:18-HC-2252-FL, (DE 8) (dismissing without prejudice § 2241 petition seeking compassionate release based on First Step Act amendments); Himmel v. Upton, No. 4:18-CV-804-O, 2019 WL 1112923, at *2 n. 6 (N.D. Tex. Mar. 11, 2019) ("any motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court"); Pappalardo v. Holland, No. 5:18-HC-2056, (DE 24) (E.D.N.C. March 8, 2019) (denying § 2241 petition seeking compassionate release and noting petitioner may seek relief in the sentencing court); Camp v. United States of America, No. 5:19-HC-2001-BO, (DE 7) (E.D.N.C. March 6, 2019) (transferring motion for compassionate release to sentencing court); Mohrbacher v. Ponce, No. CV18-00513-DMG (GJS), 2019 WL 161727, at *1 n. 1 (C.D. Cal. Jan. 10, 2019) (noting whether the First Step Act supports compassionate release is properly resolved in motion for sentence reduction).

For these reasons, the court denies petitioner's motion for injunctive relief and dismisses the instant petition without prejudice. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (noting that, *inter alia*, preliminary injunctive relief requires a demonstration that the movant is likely to succeed on the merits).

Finally, reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Thus, the court denies a certificate of appealability.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion for injunctive relief (DE 1), and DISMISSES his petition without prejudice. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 23rd day of April, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge